## PURDUM et al. v. DURRANCE et al.

(District Court, S. D. Florida. October 31, 1925.)

No. 174.

**1. Vendor and purchaser ⬅104—Supplemental bill for rescission of contract held sufficient, though not alleging tender before filing thereof.**

Bill praying for rescission of contract of sale of real estate and for reconveyance of title *held* sufficient, without allegation of tender, where *complainants* offered therein to do equity and place defendants in statu quo.

**2. Vendor and purchaser ⬅104—Offer, in supplemental bill for rescission of contract, to return moneys, mortgage, and notes, held sufficient to save bill from dismissal.**

In a suit to rescind vendor's offer in bill "to return said moneys, mortgage, and notes, and to cancel the said mortgage of record and rescind the said sale on reconveyance of land," *held* sufficient tender to save bill from dismissal as against objection that bill did not show that

complainants are ready, willing, and able to return consideration received.

### 3. Vendor and purchaser ⬉104—Bills held to state cause for equitable rescission of contract.

Bill alleging that lands were sold pursuant to agency, that agreed commission was paid, that purchaser acted with agent and others with knowledge of agency, and consummated purchase, keeping complainants in ignorance of agent's interest; held to state a case for equitable rescission.

In Equity. Bill for rescission of contract by Bradley K. Purdum and others against C. P. Durrance and others. On motion to dismiss supplemental bill. Motion denied.

See, also, 8 F.(2d) 781.

McKay, Withers & Ramsey, of Tampa, Fla., for complainants.

Durrance & Lemire, of Orlando, Fla., for moving defendants.

Herbert S. Phillips, of Tampa, Fla., for defendant Rosenberg.

Treadwell & Treadwell, of Arcadia, Fla., for defendant Rainey.

CALL, District Judge. On August 22, 1925, the bill of complaint was filed against all the defendants, except S. E. Durrance, seeking to have the profit to be made by C. P. Durrance and Homer B. Rainey, under a certain contract, entered into by Hanna and Farr, with Hopkins, Yager & Davis, decreed to the complainants. Upon a hearing an injunction was issued and a receiver appointed. After the issuance of said orders, a supplemental bill was filed, in which it is alleged, among other things, that since the hearing on the original bill, the complainants, for the first time, learned, it is now claimed, that Rosenberg, C. P. Durrance, and one S. E. Durrance had consummated the purchase of the lands in the name of Rosenberg; that he did not buy the said lands subject to the Hanna-Farr contract; that the land was purchased in the name of Rosenberg, but that C. P. Durrance, S. E. Durrance, and a party unknown were interested with him in said purchase in certain proportions. The supplemental bill then charged that the complainants were ignorant that C. P. Durrance, their agent, was interested in said purchase; that the fact of the agency of said C. P. Durrance was known to the other parties, and the fact of his interest concealed from the complainants; that the complainants were induced to consummate the sale for a price less than the market value of the land. The bill then contains these words: "Your orator hereby offering to return said moneys, mortgage, and notes, and to cancel the said mortgage of record, and to rescind the said sale upon reconveyance unto them by the said Phil Rosenberg of the legal title to said land."

The prayers of the supplemental bill are for a rescission and reconveyance of the title, among other things.

Motions were made to dismiss the supplemental bill. Many grounds for said motion are set out, but two were mainly insisted upon in argument, as follows: (1) That the supplemental bill fails to show a tender by complainants before filing the supplemental bill; and (2) that the supplemental bill does not sufficiently allege that complainants are now ready, willing, and able to return the moneys, etc., received by them in the transaction.

[1] As to the first ground urged, the authorities seem in hopeless conflict, and I am of opinion that it is sufficient if the complainants offer to do equity and place defendants in statu quo.

[2] Taking up the second ground, it seems to me that the offer made in the bill is sufficient to save the bill from dismissal. While the offer copied from the bill is preceded by language which would seem to limit the offer on condition that the real estate agents negotiating the sale in the first place should return the commissions theretofore paid by the complainants, yet, in the light of their unconditional offer, made in the quoted language, I do not think it reasonable to limit this unconditional offer by the language preceding it.

[3] The original and supplemental bill clearly allege the agency for the sale of these lands; that the lands were sold pursuant to this agency; that the commission agreed upon was paid to such agents; that the purchaser acted with the agent and other persons, with a knowledge of the agency, and consummated the purchase, keeping the complainants in ignorance of the interest of the agent in the purchase. These allegations, if true, make out such a case as equity will rescind a contract thus obtained. These allegations are admitted for the purpose of the motion to dismiss. I am therefore of opinion that the supplemental bill states a case, and must be answered.

The motion to dismiss will be denied. It will be so ordered.